IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PATRICK CHARLES BURBANK,   )  <br>   )<br>   Petitioner,   )<br>   )<br>v.   )<br>   )<br>UNITED STATES OF AMERICA,   )<br>   )<br>   Respondent.   )  | Civil Action No. 2:08cv719-MEF<br>(WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence filed by federal inmate Patrick Charles Burbank ("Burbank"). (*See Petitioner's § 2255 Motion*, Doc. No. 1.)

### I.   BACKGROUND

On February 6, 2006, pursuant to a written plea agreement, Burbank pled guilty to enticing a minor to engage in criminal sexual activity, a violation of 18 U.S.C. § 2422(b) (Count One), and transferring obscene material to a minor, a violation of 18 U.S.C. § 1470 (Count Two).[1] Following a sentencing hearing on June 8, 2006, the district court sentenced Burbank to ten years in prison. On June 15, 2006, Burbank filed a motion to correct sentence pursuant to Fed.R.Crim.P. 35(a). A hearing was held on the motion on July 14, 2006. On July 17, 2006, the district court entered an order denying the motion to correct

---

[1] In return for Burbank's guilty plea, the government agreed to dismiss Count Three of the indictment, which charged Burbank with possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).

sentence. Burbank appealed his conviction and sentence to the Eleventh Circuit, and on June 22, 2007, the appellate court dismissed the appeal based on an appeal waiver contained in the plea agreement.[2]

On August 29, 2008, Burbank, filed this motion under 28 U.S.C. § 2255 challenging his conviction and sentence on the following grounds:

1. Counsel rendered ineffective assistance by failing to argue that Burbank's acts did not constitute crimes, thereby allowing Burbank to plead guilty to offenses of which he was not guilty.

2. Counsel rendered ineffective assistance by failing to object to prejudicial errors in the presentence investigation report ("PSI").

3. The prosecutor engaged in misconduct by (a) misrepresenting to the court that the government established the elements of the crimes to which Burbank pled guilty; (b) failing to give the defense notice of the facts the government would rely on at sentencing; (c) causing the district court "to rely on facts that were not available" in making its sentencing determination.

4. Burbank's due process rights were violated when he was convicted based on acts not shown to be a crime.

5. Counsel rendered ineffective assistance by failing to effectively argue Burbank's direct appeal.

(Doc. No. 1.)[3]

---

[2]*See United States v. Burbank*, No. 13482-AA (11th Cir. Jun. 22, 2007). The waiver provision provided that Burbank relinquished his rights to appeal and collaterally attack his sentence except on grounds of ineffective assistance of counsel and prosecutorial misconduct. (*See Plea Agreement*, Doc. No. 24 - Gov. Exh. B at p. 5.)

[3]The claims in Burbank's motion overlap in places, are repetitive, and are not always
(continued...)

The government responds that the substantive claims raised in Burbank's § 2255 motion are barred from review under the terms of the waiver provision in his plea agreement and also because they could have been, but were not, raised on direct appeal. (*See Government's Response to § 2255 Motion*, Doc. No. 10.) In addition, the government argues that even if Burbank's substantive claims are not barred from review, they lack merit and therefore entitle him to no relief. Additionally, the government argues that all of Burbank's claims of ineffective assistance of counsel are without merit and rest on allegations that fail to establish deficient performance and prejudice within the meaning of *Strickland v. Washington*, 466 U.S. 668 (1984).

Burbank was allowed an opportunity to reply to the government's response and has done so. (*See Petitioner's Reply to Government's Response*, Doc. No. 15.) After due consideration of Burbank's § 2255 motion, the supporting and opposing submissions, and the record in this case, the court concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, the § 2255 motion should be denied.

## II.   DISCUSSION

### A.   *General Standard of Review*

Because collateral review is not a substitute for direct appeal, the grounds for

---

[3](...continued)
presented in a clear and logical fashion. For organizational and analytical purposes, this court has recast some of Burbank's claims in a more appropriate presentation.

collateral attack on final judgments pursuant to 28 U.S.C. § 2255 are extremely limited. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). "[A] non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice." *Lynn*, 365 F.3d at 1232-33 (citations omitted); *Hill v. United States*, 368 U.S. 424, 428 (1962) (error of law does not provide basis for collateral attack unless claimed error constituted a "fundamental defect which inherently results in a complete miscarriage of justice."). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent...."

**B.    *Ineffective Assistance of Counsel***

1.   **Standard of Review**

A claim of ineffective assistance of counsel is governed by the standards of *Strickland v. Washington*, 466 U.S. 668 (1984). *Grossman v. McDonough*, 466 F.3d 1325, 1344 (11th Cir. 2006). Under *Strickland*'s two-part test, a petitioner must demonstrate (1) that "counsel's representation fell below an objective standard of reasonableness" and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" *Darden v. Wainwright*, 477 U.S. 168, 184 (1986) (internal quotation marks omitted); *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

Under the performance component of the *Strickland* inquiry, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688. In other words, criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance. *Roe v. Flores-Ortega*, 528 U.S. 470, 476 (2000) (quoting *Strickland*, 466 U.S. at 687). In any ineffective assistance analysis, scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable. *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000); *see Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994). Review of an ineffective assistance of counsel claim is conducted from the perspective of defense counsel based on facts "as they were known to counsel at the time of the representation." *United States v. Teague*, 953 F.2d 1525, 1535 (11th Cir. 1992). The

court will "avoid second-guessing counsel's performance: It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Id*. (internal quotation marks and brackets omitted). Thus, "[g]iven the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." *Id*.

As noted above, under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id*. at 372.

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *See Strickland*, 466 U.S. at 687. Accordingly, once a court decides that one of the requisite showings has not been made, it need not decide whether the

other one has been. *Id*. at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998) ("if a defendant cannot satisfy the prejudice prong, the court need not address the performance prong").

A criminal defendant's right to effective assistance of counsel continues through direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Ineffective assistance of appellate counsel may be shown if the movant can "establish ... that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker.... Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Mayo v. Henderson*, 13 F.3d 528, 533 (2nd Cir. 1994).

### 2. Failure to Argue That Burbank's Acts Did Not Constitute Crimes

Burbank contends that his counsel rendered ineffective assistance by failing to argue that his acts did not constitute crimes. He maintains that his counsel's failure to assert this defense resulted in his pleading guilty to offenses of which he was not guilty and which were factually and legally impossible (Doc. No. 1 at p. 58; pp. 74-93.)

Burbank's convictions were based on charges that he engaged in sexually explicit Internet chats with, and e-mailed obscene pictures to, a person he believed to be a fifteen-year-old girl in order to persuade her to meet him for sex.[4] It turned out that the "girl" was

---

[4] 18 U.S.C. § 2422(b) states, in pertinent part:

(continued...)

7

actually an adult law enforcement officer working undercover. Although Burbank pled guilty to the charges, he now argues that it was factually and legally impossible for him to commit the charged crimes because there was no actual child. Burbank devotes many pages of his ninety-three-page petition to this argument, and it underlies several of his claims.

Despite the lengths to which Burbank goes in contending otherwise, his no-actual-child argument is clearly foreclosed by Eleventh Circuit precedent. The primary precedent on point is *United States v. Root*, 296 F.3d 1222 (11th Cir. 2002). In *Root*, the Eleventh Circuit held that a conviction for attempted enticement under 18 U.S.C. § 2422(b) – one of the statutes under which Burbank was charged and convicted – and for travel in interstate commerce with intent to engage in a sexual act with a minor in violation of 18 U.S.C. § 2423(b) do not require the existence of an actual minor child. *Id*. at 1227-32. Root engaged in sexually explicit chats and exchanged instant messages with a person he believed

---

[4](...continued)
Whoever, using the mail or any facility or means of interstate ... commerce, ... knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in ... any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

Title 18 U.S.C. § 1470 states:

Whoever, using the mail or any facility or means of interstate or foreign commerce, knowingly transfers obscene matter to another individual who has not attained the age of 16 years, knowing that such other individual has not attained the age of 16 years, or attempts to do so, shall be fined under this title, imprisoned not more than 10 years, or both.

to be a thirteen-year-old girl in order to persuade her to meet him for sex, and then he traveled across state lines intending to have sex with her. *Id*. at 1224-26. However, the girl was actually an adult police officer. *Id*. Relying on the plain language of the statutory provisions Root was charged with violating, the Eleventh Circuit rejected his argument that there could be no sexual crimes involving a minor where there was no minor. *Id*. at 1227; *accord United States v. Farley*, 607 F.3d 1294, 1325 (11th Cir. 2010); *United States v. Lee*, 603 F.3d 904, 913 (11th Cir. 2010); *United States v. Yost*, 479 F.3d 815, 819 & n.2 (11th Cir. 2007); *United States v. Hornady*, 392 F.3d 1306, 1309-11 (11th Cir. 2004); *United States v. Murrell*, 368 F.3d 1283, 1286-88 (11th Cir. 2004).

*Root* thus forecloses Burbank's challenge to his convictions under 18 U.S.C. §§ 2422(b) and 1470 on grounds that no child existed. Burbank's belief that the person whom he attempted to persuade to meet with him for sex, and to whom he transferred obscene matter, was fifteen years old was sufficient to support his convictions, even if the person he conversed with was actually an adult undercover officer. In pleading guilty, Burbank acknowledged that he believed the person was a minor. The absence of a real minor victim was meaningless because the essence of Burbank's crimes was the attempted enticement of, and transfer of obscene matter to, someone he believed to be a minor. *See Root*, 296 F.3d 1227-32.

Because there would have been no merit to a no-actual-child defense in Burbank's case, his counsel was not ineffective for failing to pursue an argument based on such a

defense. Counsel need not assert and pursue meritless issues or challenges to render effective assistance. *See Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992). Therefore, Burbank is not entitled to any relief based on this claim of ineffective assistance.

### 3. Failure to Object to Prejudicial Errors in PSI

Burbank contends that his counsel rendered ineffective assistance by failing to object to prejudicial errors allegedly contained in paragraphs 18 through 20 of the PSI in his case. (*See* Doc. No. 1 at pp. 10-58.)

Paragraphs 18 through 20 of the PSI state as follows:

18. On July 14, 2005, J. L. Arney, Postal Inspector, and Lt. W. Hough interviewed Burbank at his residence regarding his transmission of pornographic/obscene images to a minor via internet. Burbank confirmed that he sent nude pictures of himself, masturbating to ejaculation, to the person named "Cindy." He also confirmed that he sent other pornographic images, pre-arranged meetings, had sex fantasies about minors ages 14 and up, and used several screen or nicknames to communicate with minors via email and IRS program. The defendant also confirmed chat sessions with a 17-year-old female from Tulsa, Oklahoma, named "yngntnder," and a 13-year-old minor female from South Carolina, named "stillacup."

19. Based on this information, a search warrant was obtained and executed that same date at the defendant's residence located at [...] Road, Montgomery, AL 36105. During the search, numerous child porn images were seized from the defendant's computer. The agents also seized his work computers for further investigation.

20. The computers were sent to the United States Postal Inspection

> Service where a forensic laboratory examination was conducted. Using this examination 188 images appeared to contain child pornography located on unallocated space of Burbank's computers. An analyst with NCMEC identified twenty-eight child porn images.

(*See PSI* at p. 5, ¶¶ 18-20.)

Burbank argues that the above-quoted paragraphs contain erroneous information that the district court improperly relied on in determining his sentence. In particular, he contends that paragraph 18 erroneously states that his chat sessions with other persons – e.g., "yngntnder" and "stillacup" – involved minors when there was no confirmation that these persons were in fact minors. (*See* Doc. No. 1 at p. 11ff.) In addition, Burbank maintains that paragraphs 19 and 20 erroneously state that his computer was found to contain images of child pornography. (*Id*. at p. 22ff.) He argues that his counsel's failure to object to these alleged misstatements in the PSI resulted in the district court's relying on misinformation in deciding to vary upward from the Sentencing Guidelines when determining his sentence.

In an affidavit filed with this court, Burbank's former counsel, Jennifer A. Hart, addresses Burbank's claim as follows:

> 10. As an initial matter, the undersigned counsel notes that objections to the PSR were filed with the Probation Officer on May 22, 2006, before the final PSR was prepared and presented to the Court. Counsel reviewed the PSR in its entirety with Mr. Burbank prior to the Sentencing Hearing and provided him with a copy of written objections. At no time did Mr. Burbank assert any other objection to the PSR other than those presented by counsel.
>
> 11. As to Paragraph 18 of the PSR, Mr. Burbank asserts that I

should have objected to the sentence, "The defendant also confirmed chat sessions with a 17-year-old female from Tucson, AZ named 'pngntnder,' and a 13-year-old minor female from South Carolina, named 'stillacup.'" This assertion was based on a statement that Mr. Burbank gave to the Postal Inspector when he interviewed him at his home. I agree that this statement was not objected to, for a number of reasons: (1) Mr. Burbank never denied or disputed it; (2) these conversations were not a part of the charged offense nor utilized as a Guideline enhancement; and most importantly (3) on January 1 8, 2006, Patrick Burbank and the undersigned counsel met with the Prosecutor and law enforcement in an attempt to provide substantial assistance to the Government. During that meeting, Patrick Burbank admitted that he spoke to these persons and that he believed them to be underage.

12. Paragraph 20 of the PSR concerns the forensic analysis of Mr. Burbank's computer. The Probation Officer asserted that, "During this examination 188 images appeared to contain child pornography located on unallocated space of Burbank's computer. An analyst with NCMEC identified twenty-eight child porn images." Again, I agree with Mr. Burbank that this paragraph with not initially objected to because: (1) the National Center for Missing and Exploited Children had indeed identified 28 of the images on Mr. Burbank's computer as known victims of child pornography; (2) Mr. Burbank never denied that there were some images of child pornography on his computer; (3) one of the witnesses who testified on Mr. Burbank's behalf, Dr. Karl Kirkland, a psychologist who had treated and evaluated Mr. Burbank several times, mentioned that he was aware of the photographs; and (4) because the count of the Indictment which charged Mr. Burbank with possession of child pornography was dismissed by the Government.

However, although I did not initially object to this paragraph of the PSR, I did raise the issue at the hearing on my Motion to Correct Sentence. The Court had referenced the possession of these images as a factor in deciding to vary from the Guidelines. During this hearing, I wanted to present testimony that, while NCMEC had identified 28 photos as

>  known child pornography victims in reports which the Government provided in discovery, those reports also indicated that law enforcement should be contacted to verify the age and identity of these victims. The District Court would not allow such testimony but, to the best of my recollection, did receive into evidence documentation that contained the "disclaimer" made by NCMEC. I also stated, "I simply state for the record for any purposes of appeal that Mr. Burbank may take in the future that paragraph 20 of the Presentence Report should have been objected to, and I will leave it at that." (Transcript, page 75)
> 
> 13. At that time of the original sentencing hearing, I made no objections to the PSR on behalf of Mr. Burbank, nor did I present any testimony from witnesses on Mr. Burbank's behalf. In my opinion, there was nothing to object to in the PSR because Mr. Burbank had admitted he had chats with other girls he believed to be underage, and because the Government had produced reports which established that Mr. Burbank's computer did possess a small number of child porn images. ....
> 
> 14. Furthermore, the decision to forgo the presentation of additional objections to the PSR and testimony from character witnesses was a tactical one. Again, it was my opinion that based upon my review of the discovery, the PSR had omitted facts which, if made known to the Court, would have been more damaging to Mr. Burbank. For example, the PSR did not mention that Mr. Burbank had actually traveled to a prearranged location to meet the "victim" in this case. Although, Mr. Burbank has stated that he only went to the location to "see" the minor child, not to meet her, the fact that he traveled there at all was not one I wanted to present to the Court. I simply disagree with Mr. Burbank's assertion that there was no evidence to prove he intended to meet the minor at issue. Additionally, the Government could have introduced the child porn images themselves and the very graphic email exchange between Mr. Burbank and the person whom he believed was a 14-year-old girl.

(*See Affidavit of Jennifer A. Hart*, Doc. No. 6-1 at pp. 4-7.)

13

Here, Burbank fails to demonstrate that paragraphs 18 through 20 of the PSI contained factual errors or that it was improper for the district court to rely on statements contained in these paragraphs when determining his sentence. Burbank reviewed the PSI with his counsel and did not assert any objections to its contents, including paragraphs 18 through 20. Not only did Burbank never dispute that he had online conversations with persons he believed to be minors (in addition to those conversation underlying his conviction under 18 U.S.C. § 2422(b)), he *admitted* to having such conversations. Moreover, it is specious for Burbank to suggest that it was necessary that the government prove these persons were in fact minors in order for the district court to consider the nature of his online activity when fashioning his sentence. The important factor under the circumstances was Burbank's belief that these persons were minors. And Burbank admitted that this is indeed what he believed. The significance of this belief would have been apparent to the district court in light of Burbank's argument at sentencing that the court need not be concerned about recidivism in his case.

Burbank also never denied that there were images of child pornography on his computer. As reflected in the PSI, a forensic examination by the United States Postal Inspection Service revealed that Burbank's computer contained 188 images of what appeared to be child pornography. At the hearing on Burbank's motion to correct sentence, Dr. Kirkland, a psychologist who treated and evaluated Burbank and who was a defense witness, testified that Burbank informed him that he had a "lifelong addiction to adult

14

pornography" that had, with the onset of easier accessability through the Internet, "included a departure ... toward child pornography." (*See July 14, 2006, Hearing*, Gov. Exh. F at pp. 23.) Dr. Kirkland also testified that Burbank told him that he had 188 images of child pornography on his computer. (*Id*. at pp. 23-24; p. 31.) In addition, and as also stated in the PSI, a report from the NCMEC identified twenty-eight images of known child pornography on the hard drive of Burbank's computer.[5] Again, Burbank does not establish that this or any other information in the PSI was incorrect.

Burbank's counsel states in her affidavit that, for strategic reasons, she decided to steer clear of additional in-court inquiry at sentencing into the matters set forth in the PSI, on the belief that such an inquiry was likely only to yield additional prejudicial evidence regarding Burbank's actions not accounted for in the PSI. Under the circumstances, it was not professionally unreasonable for counsel to choose to forego a full-blown inquiry into the images of alleged child pornography found on Burbank's computer. Burbank fails to demonstrate that an objection by counsel to paragraphs 18 through 20 of the PSI would have proved fruitful to his defense and resulted in a lower sentence.[6] Further, he fails to establish

---

[5]The NCMEC maintains a database of known victims of child pornography.

[6]Notably, Burbank does not claim that there were not in fact images of child pornography on his computer. His argument appears to be that his counsel should have put the government to the burden at sentencing of proving that the images found on his computer were indeed of child pornography. This tactic underlies Burbank's § 2255 motion as a whole. After pleading guilty and raising no objections to the contents of the PSI while his case was with the trial court, Burbank is now complaining that the government failed to prove its case against him or to put on evidence at the sentencing hearing fully substantiating the contents of the PSI.

that any false or unreliable information was made the basis for his sentence. Burbank's failure to show both deficient performance by his counsel and resulting prejudice precludes him from receiving any relief based on this claim of ineffective assistance of counsel.

### C.     *Prosecutorial Misconduct*

Burbank contends that the prosecutor engaged in "misconduct" by misrepresenting to the court that the government established the elements of the crimes to which he pled guilty. (*See* Doc. No. 1 at pp. 72-73.) This claim is premised entirely upon Burbank's argument, discussed above, that it was factually and legally impossible for him to commit the crimes of which he was convicted because there was no actual child involved. (*See* Part II.B.2.) However, as stated above, Burbank's no-actual-child argument is foreclosed by well-established Eleventh Circuit precedent. (*Id*.) Thus, he cannot show that the prosecutor engaged in any misconduct in this regard and this claim is frivolous.

Burbank also alleges that the prosecutor engaged in misconduct by failing to give the defense notice of the facts the government would rely on at sentencing and by causing the district court "to rely on facts that were not available" in making its sentencing determination. (*See* Doc. No. 1 at pp. 58-72.) This claim, at least in part, is a variant of Burbank's allegation, discussed above, that the PSI contained erroneous information that was improperly relied upon by the district court (*see* Part II.B.3 above). However, as this court has found, Burbank fails to establish that any information in the PSI was erroneous. (*Id*.) The government, moreover, was under no specific obligation to provide Burbank with

16

notice of what it intended to argue at his sentencing hearing. At any rate, the government's arguments at sentencing were based on information contained in the PSI; Burbank had access to that information well before the sentencing hearing. Much of the information contained in the PSI was based upon Burbank's own admissions, which, by definition, do not constitute hearsay. *See United States v. Holland*, 214 Fed. Appx. 957, 959 (11th Cir. 2007); Fed.R.Evid. 801(d)(2). Moreover, Burbank has failed to show that any unreliable hearsay evidence was admitted at his sentencing.[7] Finally, the prosecutor made no inappropriate statements to the court at sentencing and, in full compliance with the terms of the plea agreement, made no recommendations as to the sentence that should be imposed. There is no merit to Burbank's allegations in this regard.

Apparently cognizant of the limitations placed upon him by the waiver provision in his plea agreement, Burbank has attempted to frame his issues on collateral review to fall within the exceptions to the waiver provision. However, his claim of prosecutorial misconduct is unsupported by the record. Therefore, he is not entitled to any relief based on this claim.

### D.     *Conviction Based on Acts Not Shown to Be a Crime*

Burbank contends that his due process rights were violated because he was convicted based on acts that did not constitute a crime. (*See* Doc. No. 1 at p. 10; pp. 74-88.) Yet

---

[7] The Federal Rules of Evidence do not apply at sentencing. *See* Fed.R.Evid. 1101(d)(3). Rather, the sentencing court may consider hearsay evidence that has sufficient indicia of reliability. *United States v. Anderton*, 136 F.3d 747, 751 (11th Cir. 1998); U.S.S.G. § 6A1.3(a).

again, Burbank presents a claim based on his no-actual-child argument. Assuming this is a claim of "actual innocence," which is not procedurally barred or barred from review under the waiver provision in the plea agreement, this claim nevertheless affords Burbank no basis for relief. As this court has already noted (*see* Part II.B.2 above), the no-actual-child argument has been soundly rejected by the Eleventh Circuit. *Root*, 296 F.3d at 1227-32; *see also, e.g., Farley*, 607 F.3d at 1325; *Lee*, 603 F.3d at 913; *Yost*, 479 F.3d at 819 & n.2; *Hornady*, 392 F.3d at 1309-11; *Murrell*, 368 F.3d at 1286-88. Burbank's claim therefore lacks merit and is not a basis for relief.

To the extent Burbank may also suggest that his due process rights were violated because the district court purportedly did not give him notice that it was considering an upward variance from the advisory guideline range, his claim lacks merit; there is no notice requirement for such variances.[8] *See Irizarry v. United States*, __ U.S. __, 128 S.Ct. 2198, 2202 (2008); *Moran v. United States*, 573 F.3d 1131, 1135-38 (11th Cir. 2009).

### E. Counsel's Failure to Effectively Argue Issues on Appeal

Burbank also contends that his counsel rendered ineffective assistance by failing to effectively argue his claims of ineffective assistance and prosecutorial misconduct on direct appeal. (*See* Doc. No. 1 at p. 10.)

In her affidavit filed with this court, Burbank's former counsel, Ms. Hart, addresses

---

[8] In any event, Burbank's notice argument is barred from review under the waiver provision contained in the plea agreement. Furthermore, because of the waiver provision – and because there is no merit to the substantive claim – Burbank's counsel could not be ineffective for failing to pursue this issue on direct appeal.

Burbank's claim, in pertinent part, as follows:

> Following entry of the Judgment, I filed a direct appeal to the Eleventh Circuit in which I raised claims of both Ineffective Assistance of Counsel and Prosecutorial Misconduct. Despite the fact that Mr. Burbank had specifically reserved his right to appeal on these grounds, the Eleventh Circuit concluded that the appeal waiver contained in Mr. Burbank's plea agreement precluded the appeal and it dismissed the case without addressing the merits.
>
> ....
>
> Mr. Burbank's assertion that claims of ineffective assistance of counsel and prosecutorial misconduct were not raised on appeal is inaccurate. But issues were raised but the Eleventh Circuit declined to address them.
>
> ....
>
> As noted, I handled the appeal in this case. In my brief in the Eleventh Circuit, I stated, "If counsel, acting on [Mr. Burbank's] behalf, entered into a plea agreement which can be construed as authorizing a 120-month sentence when the guideline range suggested a 60-month sentence, while leaving Mr. Burbank no recourse to challenge such an extreme variance, then he did not receive effective assistance of counsel." I also raised a claim of prosecutorial misconduct in the brief. Despite the specific exceptions to the appeal waiver which permitted the Circuit Court to consider such issues, it declined to do so. Whatever merit I believe these issues possessed may now be irrelevant. Mr. Burbank did not address these issues in his petition and, therefore, I will not address them here.

(*Affidavit of Jennifer A. Hart*, Doc. No. 6-1 at pp. 4-9.)

In alleging that his counsel was ineffective on appeal, Burbank fails to plead facts sufficient to demonstrate that counsel was deficient in performance or that he was prejudiced by any of counsel's actions. As set forth above in this Recommendation, Burbank has failed to establish the merit of any of his claims of ineffective assistance of counsel or prosecutorial misconduct. Therefore, he cannot show that his counsel was ineffective for failing to

19

effectively argue such claims on direct appeal. Burbank is not entitled to any relief based on this claim.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the § 2255 motion filed by Burbank be denied, as the claims therein do not entitle him to any relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before September 15, 2010**. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*).

Done this 1st day of September, 2010.

/s/Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE